UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDOULAYE DIALLO; WILLIAM MERRITT,<br><br>                              Plaintiffs,<br>v.<br>REDWOODS INVESTMENTS, LLC; SOCIAL METRO HOLDINGS, LLC; CHRISTOPHER CARNES; TONIKA MILLER; CHI KUANG HWANG,<br>                             Defendants. | Case No.: 18-CV-1793 JLS (JLB)<br><br>**ORDER (1) DENYING AS MOOT DEFENDANT TONIKA MILLER'S MOTION TO SET ASIDE DEFAULT, (2) DENYING IN PART AS MOOT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MILLER, AND (3) REQUESTING ADDITIONAL BRIEFING AS TO THE COURT'S SUBJECT MATTER JURISDICTION**<br><br>(ECF Nos. 16, 23) |

      Presently before the Court are Defendant Tonika Miller's Motion to Set Aside the Request and/or the Entry of Default and Default Judgment Pursuant to Fed. R. Civ. P. 55(c) ("Mot. to Set Aside," ECF No. 16) and Plaintiffs Abdoulaye Diallo and William Merritt's Motion for Default Judgment Against Defendants SoCal Metro Holdings, LLC and Tonika

/ / /

/ / /

/ / /

1

Miller ("Mot. for Default," ECF No. 23) (together, the "Default Motions").[1]  Together with the Motions to Dismiss, the Court took the Default Motions under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 41.

Although Plaintiffs requested entry of default against Ms. Miller on September 25, 2018, *see* ECF No. 11, a review of the Docket reveals that the Clerk of Court never entered default. Accordingly, the Court **DENIES AS MOOT** Ms. Miller's Motion to Set Aside (ECF No. 16) and **DENIES IN PART AS MOOT** Plaintiff's Motion for Default (ECF No. 23) as it relates to Ms. Miller. *See, e.g.*, *Woods v. Slater Transfer & Storage*, No. 208CV00948GWFGWF, 2008 WL 11389307, at *4 (D. Nev. Oct. 7, 2008) (denying as moot motions for entry of default and to set aside clerk's entry of default where default was never entered).

Upon review of the Motions to Dismiss (ECF Nos. 27, 30, 32), the Court notes that all of the Defendants raised arguments for dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Court is particularly troubled by the pendency of the parallel—and earlier-filed—state court action, *Redwood Investments, LLC v. Carnes*, No. 37-2018-00030606-CU-BC-CTL (Cal. Super. filed June 20, 2018) (the "State Court Action"). It is the Court's understanding that the State Court Action asserts a single cause of action for breach of contract for failure to convey the real property located at 4026 Charles Street, La Mesa, CA 91941, *see* Request for Judicial Notice, ECF No. 30-3, Ex. 2, the allegedly unlawful conveyance of which forms the basis of Plaintiffs' causes of action here. *See generally* First Am. Compl., ECF No. 13. Plaintiffs to the State Court Action seek specific performance, *see* ECF No. 30-3, Ex. 2, while Plaintiffs here request that the Court enter an Order "find[ing] that the grant deed was irregular and illegal[ and] is void ab initio for failure to be executed and recorded in a lawful manner." *Id.* ¶ 164.

---

[1] Also pending before the Court are motions to dismiss filed by Defendants Christopher Carnes (ECF No. 27), Chi Kuang Hwang and Redwoods Investments, LLC (ECF No. 30) and Tonika Miller (ECF No. 32) (together, the "Motions to Dismiss"), on which the Court does not rule at this time.

"Ordinarily, the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Chapman v. Deutsche Bank Nat. Tr. Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005)). Under the prior exclusive jurisdiction doctrine, however, "when one court is exercising *in rem* jurisdiction over a *res,* a second court will not assume *in rem* jurisdiction over the same *res*." *Id.* (quoting *Marshall v. Marshall*, 547 U.S. 293, 311 (2006)) (citing *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466–67 (1939)). "Although the doctrine is based at least in part on considerations of comity and prudential policies of avoiding piecemeal litigation, it is no mere discretionary abstention rule. Rather, it is a mandatory jurisdictional limitation." *Id.* (quoting *State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 810 (9th Cir. 2003)). Consequently, "[i]f the doctrine applies, federal courts may not exercise jurisdiction." *Id.* at 1044.

"[F]ederal courts are under an independent obligation to examine their own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Because the prior exclusive jurisdiction doctrine was not raised by the Parties and because the Court believes that additional briefing on this issue would be helpful in resolving the Motions to Dismiss, the Court **REQUESTS** additional briefing on the following: (1) the status of the State Court Action; and (2) the applicability, if any, of the prior exclusive jurisdiction doctrine to this action. Each Party **MAY FILE** an additional brief, not to exceed <u>ten (10) pages</u>, within <u>fourteen (14) days</u> of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated: May 13, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge