UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ABDOULAYE DIALLO; WILLIAM
MERRITT,

                                    Plaintiffs,

v.

REDWOOD INVESTMENTS, LLC;
SOCAL METRO HOLDINGS, LLC;
CHRISTOPHER CARNES; TONIKA
MILLER; CHI KUANG HWANG,

                                    Defendants.

Case No.:  18-CV-1793 JLS (JLB)

**ORDER: (1) GRANTING
DEFENDANTS' MOTIONS TO
DISMISS PLAINTIFF'S FEDERAL
CLAIMS, (2) DECLINING TO
EXERCISE SUPPLEMENTAL
JURISDICTION OVER
PLAINTIFFS' STATE LAW
CLAIMS, (3) DENYING AS MOOT
PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT,
(4) GRANTING MOTIONS TO
WITHDRAW AS COUNSEL, AND
(5) DENYING AS MOOT MOTIONS
TO CONSOLIDATE**

(ECF Nos. 23, 27, 30, 32, 43, 47, 51, 53)

Presently before the Court are Plaintiffs Abdoulaye Diallo and William Merritt's Motions for Default Judgment Against Defendant SoCal Metro Holdings, LLC ("SoCal") ("Default Mot.," ECF No. 23) and to Consolidate (ECF Nos. 51, 53); the Motions to Dismiss Plaintiffs' First Amended Complaint filed by Defendants Christopher Carnes ("Carnes Mot.," ECF No. 27); Redwood Investments, LLC ("Redwood") and Chi Kuang

Hwang ("Redwood Mot.," ECF No. 30); and Tonika Miller ("Miller Mot.," ECF No. 32) (collectively, the "Motions to Dismiss"); and the Motions to Withdraw as Counsel filed by Michael B. Wilson of Kundani Chang Khinda Wilson, LLP, counsel for Mr. Carnes ("Wilson Mot.," ECF No. 43), and Jason M. Stone and Jason E. Barth of Stone & Sallus, LLP, counsel for Ms. Miller ("Stone Mot.," ECF No. 47) (together, the "Motions to Withdraw") (collectively, the "Motions"). Also before the Court are Plaintiffs' Responses in Opposition to the Motions to Dismiss ("Carnes Opp'n," ECF No. 33; "Redwood Opp'n," ECF No. 34; and "Miller Opp'n," ECF No. 35) and Defendants' Replies in Support of the Motions to Dismiss ("Carnes Reply, ECF No. 39; Miller Reply, ECF No. 37; Redwood Reply, ECF No. 40).[1] In response to the Court's May 13, 2019 Order, *see* ECF No. 42, Defendants Carnes ("Carnes Supp.," ECF No. 44) and Hwang and Redwood ("Redwood Supp.," ECF No. 46) and Plaintiffs ("Pls.' Supp.," ECF No. 45) filed supplemental briefing on the issue of the Court's subject-matter jurisdiction. The Court vacated the hearings on the Motions and took them under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF Nos. 41, 48. Having carefully reviewed the pleadings, the Parties' arguments and evidence, and the law, the Court **GRANTS** Defendants' Motions to Dismiss, **DENIES AS MOOT** Plaintiffs' Default Motion and Motions to Consolidate, and **GRANTS** the Motions to Withdraw.

## BACKGROUND[2]

Mr. Merritt received a "notice of special tax lien," dated March 17, 2018, FAC ¶ 22, indicating that he was in default on his property taxes by approximately $36,000. *See id.* ¶¶ 29, 96.

/ / /

---

[1] SoCal did not file an opposition to Plaintiff's Motion, and the Motions to Withdraw are unopposed.

[2] The facts alleged in Plaintiffs' First Amended Complaint ("FAC," ECF No. 13) are accepted as true for purposes of the Motions to Dismiss. *See Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

On the evening of April 30, 2018,[3] after Mr. Merritt had been drinking heavily all day, *id.* ¶ 26, Mr. Carnes and Ms. Miller, a real estate agent, *id.* ¶ 15, showed up at his house, *id.* ¶ 23, 4026 Charles Street, La Mesa, CA 91941 (the "Property"). *Id.* ¶ 1. Mr. Carnes and Ms. Miller worked for Redwood, which is managed by Mr. Hwang, *see id.* ¶ 13, and SoCal to obtain properties financed by Redwood and subsequently sold to SoCal. *Id.* ¶ 25. Mr. Carnes and Ms. Miller offered Mr. Merritt a case of beer, *id.* ¶ 27, and to help him with the back-taxes on his Property and his utilities if he signed a document (the "First Grant Deed"). *Id.* ¶¶ 29–31. Mr. Carnes and Ms. Miller did not inform Mr. Merritt that they intended to take the Property from him. *Id.* ¶ 32. Intoxicated, Mr. Merritt signed and notarized the First Grant Deed, purporting to transfer ownership of the Property to Mr. Carnes. *Id.* ¶¶ 33–35.

On May 2, 2018, Mr. Carnes recorded the First Grant Deed at the San Diego County recorder's office. *Id.* ¶¶ 37, 45–46. Mr. Carnes and Ms. Miller emailed a copy of the recorded First Grant Deed to Redwood, SoCal, and Mr. Hwang, *id.* ¶ 45, and mailed another copy to Mr. Carnes at an address in Missouri. *Id.* ¶¶ 46, 86–87, 95.

Also on May 2, 2018, unaware of the First Grant Deed, Mr. Diallo offered to purchase the Property from Mr. Merritt for $260,000. *Id.* ¶ 52. They signed a contract for the sale of the Property and Mr. Merritt signed a quitclaim deed, purportedly transferring the Property to Mr. Diallo, on May 4, 2018. *Id.* ¶ 53. Mr. Merritt and Mr. Diallo attempted to record the quitclaim deed the same day, at which time they discovered the recorded First Grant Deed. *Id.* ¶ 55.

In New York, another grant deed (the "Second Grant Deed") was purportedly executed on June 6, 2018, *see id.* ¶ 66, and notarized on June 19, 2018, *id.* ¶¶ 64, 66, supposedly transferring the Property from Mr. Diallo to Mr. Carnes. *Id.* ¶¶ 58–59. Mr. Diallo, however, was not in New York on that date and did not sign the Second Grant

---

[3] Plaintiffs' FAC states this date as both April 30, 2018, *see* FAC ¶¶ 33, 80, 91, 162, and May 30, 2018. *See id.* ¶¶ 23, 91. The May 30, 2018 date appears to be an error. *See* Carnes Mot. at 3 n.3.

Deed. *Id.* ¶¶ 62–63. The Second Grant Deed was recorded in San Diego County on June 28, 2018. *Id.* ¶ 61. A copy of the recorded Second Grant Deed was mailed to Mr. Carnes in Missouri. *Id.* ¶ 112.

On June 20, 2018, Redwood filed a complaint against Mr. Carnes and Mr. Merritt for failure to transfer title of the Property to Redwood in the Superior Court of California for the County of San Diego, *Redwood Investments LLC v. Carnes*, No. 37-2018-00030606-CU-BC-CTL (Cal. Super. Ct. filed June 20, 2018) (the "State Court Action"). Redwood Request for Judicial Notice ("Redwood RJN," ECF No. 30-3) Ex. 1–2.[4] In addition to damages, the State Court Action seeks specific performance. *See* Redwood RJN Ex. 2 at 2. Proofs of service as to Messrs. Carnes and Merritt were filed on April 24, 2019. Carnes Request for Judicial Notice ("Carnes RJN," ECF No. 44-1) Ex. 1 at 2.

On August 3, 2018, Mr. Merritt and Dasha Riley[5] filed the instant action in this Court alleging causes of action for (1) violation of the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*; (2) civil conspiracy to commit wire fraud; (3) expungement of fraudulent grant deeds; and (4) constructive fraud. *See generally* ECF No. 1. On September 20, 2018, Plaintiffs filed a proof of service indicating that SoCal was served through its registered agent, Trish Rosano of Solutions, Inc., on August 24, 2018, *see generally* ECF No. 7, and requested entry of default as to SoCal. *See generally* ECF No. 8. The Clerk entered default as to SoCal on September 24, 2018. *See* ECF No. 9.

On October 3, 2018, Plaintiffs filed their First Amended Complaint, adding a fifth cause of action for Elder Financial Abuse in violation of California Welfare and Institutions Code sections 15600 *et seq. See generally* ECF No. 13. Plaintiffs claim federal question

---

[4] The Court can properly take judicial notice of the docket and complaint of the related State Court Action. *See, e.g.*, *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005).

[5] Ms. Riley allegedly purchased Mr. Merritt's Property on July 23, 2018, *see* ECF No. 1. ¶ 18, after Mr. Diallo's purported purchase of the Property on May 4, 2018. Consequently, she is no longer a party to this action, having been replaced in the First Amended Complaint by Mr. Diallo.

jurisdiction by virtue of their causes of action under 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), and 18 U.S.C. § 1962(c) (civil RICO).

On October 17, 24, and 26, 2018, respectively, Mr. Carnes, Redwood and Mr. Hwang, and Ms. Miller filed the instant Motions to Dismiss. On May 13, 2019, the Court requested additional briefing regarding its subject-matter jurisdiction, specifically under the prior exclusive jurisdiction doctrine. *See generally* ECF No. 42 at 2–3. Mr. Wilson requested leave to withdraw as counsel of record for Mr. Carnes on May 20, 2019. *See generally* ECF No. 43. Mr. Carnes, Redwood and Mr. Hwang, and Mr. Diallo filed supplemental briefs in response to the Court's May 13, 2019 Order on May 28, 2019. *See generally* ECF Nos. 44–46. Messrs. Stone and Barth requested leave to withdraw as counsel of record for Ms. Miller on June 17, 2019. *See generally* ECF No. 47.

On July 11, 2019, Mr. Merritt removed the State Court Action to this District on the grounds that the State Court Action presented a federal question because it was "filed in furtherance of civil fraud scheme and pattern of RICO conduct." *See* Notice of Removal, *Redwood Invs. LLC v. Carnes*, No. 19-CV-1285 JLS (JLB) (S.D. Cal. filed July 11, 2019), ECF No. 1. Although originally assigned to the docket of United States District Judge Dana M. Sabraw, the action was transferred to this Court as related to this action. *See id.* ECF No. 6. On August 6, 2019, the Court *sua sponte* remanded the State Court Action to Superior Court for lack of subject-matter jurisdiction. *See id.* ECF No. 8. Between removal and remand of the State Court Action, Plaintiffs filed two Motions to Consolidate, which are noticed for hearing on September 5, 2019. *See generally* ECF Nos. 51, 53.

## MOTIONS TO DISMISS

### I. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1)

Each of the Motions seeks dismissal of Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. *See, e.g.*, Carnes Mot. at 1; Redwood Mot. at 8; Miller Mot. at 1. Specifically, Redwood and Mr. Hwang contend that the Court should abstain pursuant to *Colorado River Conservation District v. United States*, 424 U.S. 800 (1976). *See* Redwood Mot. at 11–14.

On May 13, 2019, in response to the jurisdictional issues raised in the Motions, the Court *sua sponte* requested additional briefing regarding the applicability of the prior exclusive jurisdiction doctrine. *See generally* ECF No. 42.

Ordinarily, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Nonetheless, "[c]omity or abstention doctrines may . . . permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation." *Id.* Having carefully reviewed the Parties' arguments and the law, the Court concludes that there exists no basis here for it to decline its "virtually unflagging obligation . . . to exercise the jurisdiction given" it. *See Colo. River*, 424 U.S. at 817.

## A. Prior Exclusive Jurisdiction Doctrine

As explained in the Court's May 13, 2019 Order, *see* ECF No. 42 at 3, under the prior exclusive jurisdiction doctrine, "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Chapman v. Deutsche Bank Nat. Tr. Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011) (quoting *Marshall v. Marshall*, 547 U.S. 293, 311 (2006)) (citing *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466–67 (1939)). The Ninth Circuit has held that the prior exclusive doctrine "is a mandatory jurisdictional limitation." *Id.* at 1043–44. Where *in rem* or *quasi in rem* jurisdiction serve as the basis of the jurisdiction in parallel state and federal proceedings, "the doctrine of prior exclusive jurisdiction fully applies." *State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 811 (9th Cir. 2003) (internal alterations and quotation marks omitted). Thus, "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn Gen. Cas. Co. v. Pa. ex rel. Schnader*, 294 U.S. 189, 195 (1935).

Although the Parties do not dispute that both the federal and state court cases are *in rem* or *quasi in rem*, *see* Carnes Supp. at 5–6; Pls.' Supp. at 6–7; Redwood Supp. at 6–7, the Court has reservations concerning the nature of the State Court Action. When

determining whether a state court case is *in rem*, *quasi in rem*, or *in personam* for purposes of applying the prior exclusive jurisdiction doctrine, the district court applies the law of the state in which the state action is pending. *See, e.g.*, *Chapman*, 651 F.3d at 1045 (applying Nevada law to determine the nature of the rights sued on); *U.S. Bank N.A. v. Canyon Trails Homeowners Ass'n*, No. 2:17-CV-1239 JCM (NJK), 2017 WL 3116234 at *3 (D. Nev. July 20, 2017) (same). Under California law, "[e]quity acts *in personam*, not *in rem*." *Mills v. Mills*, 147 Cal. App. 2d 107, 116 (1956) (emphasis in original). Consequently, "it is well settled that a decree for specific performance of a contract operates primarily *in personam*." *Wait v. Kern River Mining, Milling & Developing Co.*, 157 Cal. 16, 23 (1909).

Here, the State Court Action is an action for breach of contract seeking specific performance. *See* 1st RJN Ex. 2. Consequently, it appears doubtful that the State Court Action can properly be classified as *in rem* or *quasi in rem*.

Further, Plaintiffs contend that jurisdiction did not attach in the State Court Action until Messrs. Merritt and Carnes were served. *See* Pl.'s Supp. at 4–6. Although Redwood and Mr. Hwang dispute this, *see* Redwood Supp. at 8, the law favors Plaintiffs. *See* Cal. Civ. Proc. Code § 410.50(a) ("Except as otherwise provided by statute, the court in which an action is pending has jurisdiction over a party from the time summons is served on him."); *see also United States ex rel. Reconstruction Fin. Corp. v. Certain Parcels of Land in City of Los Angeles*, 62 F. Supp. 1017, 1021 (S.D. Cal. 1945) ("Under applicable law jurisdiction of a court in civil actions is acquired from the time of service of summons. . . . Interpretations of this code section establish that the court whose process is first served has the prior jurisdiction.") (citation omitted).

Here, the State Court Action was filed on June 20, 2018, *see* Carnes RJN Ex. 1 at 1, but no proofs of service were filed until April 24, 2019, *see id.* at 2, which apparently claim that Mr. Merritt was served on April 6, 2019. *See* Pl.'s Supp. at 7. Between the filing and service of the State Court Action, however, Plaintiffs filed this action on August 3, 2018, *see* ECF No. 1, and appear to have served Defendants shortly thereafter. *See* ECF Nos. 6, 7, 10, 18. Because Plaintiffs served Defendants to this action before Redwood served

Messrs. Merritt and Carnes in the State Court Action, the Court declines to apply prior exclusive jurisdiction doctrine in this case.

## B. Colorado River *Abstention Doctrine*

Alternatively, Redwood and Mr. Hwang argue that the Court should abstain from exercising jurisdiction and dismiss Plaintiffs' claims under the *Colorado River* abstention doctrine. *See* Redwood Mot. at 11–14. Only in exceptional circumstances may a federal court decline to exercise its "virtually unflagging obligation" to exercise federal jurisdiction, in deference to a pending, parallel state proceeding. *Colo. River*, 424 U.S. at 817. Such a decision "rest[s] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (internal quotation marks and alteration omitted). The Ninth Circuit recognizes the following, non-exhaustive list of eight factors to determine whether abstention under *Colorado River* is appropriate:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011). "[A]ny doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (1990).

If the factors weigh in favor of a court declining to exercise jurisdiction, a stay is generally required rather than dismissal. *See Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989). A stay "ensures that the federal forum will remain open if for some unexpected reason the state forum . . . turn[s] out to be inadequate." *Id.* / / /

8

Consequently, "[o]nly the clearest of justifications will warrant dismissal." *Travelers Indem.*, 914 F.2d at 1369 (citing *Colo. River*, 424 U.S. at 819).

Redwood and Mr. Hwang contend that "[a]ll eight factors weigh in favor of abstention." Redwood Mot. at 14. The Court disagrees and finds that, at best, only the last of the eight factors weigh in favor of abstention here.

Although the State Court Action was filed first, Defendants have not demonstrated that the State Court Action is *in rem* or *quasi in rem* or that the Superior Court first attained jurisdiction over the Property. *See supra* Section I.A. Consequently, this factor does not weigh in favor of abstention.

The Court finds the second factor—the relative convenience of the forums—to be neutral and therefore insufficient to weigh in favor of abstention given that both actions are pending in San Diego. *See Travelers*, 914 F.2d at 1368.

The Court disagrees that the third factor favors a stay in this case because "[a] general preference for avoiding piecemeal litigation is insufficient to warrant abstention." *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 842–43 (2017). Instead, this factor will only weigh in favor of a stay under exceptional circumstances. *See Travelers*, 914 F.2d at 1368–69 ("A correct evaluation of this factor involves considering whether *exceptional circumstances* exist which justify special concern about piecemeal litigation.") (emphasis added). While both this action and the State Court Action relate to title to the Property, the State Court Action is, fundamentally, a contract dispute. *See id.* at 1369 (finding this factor did not weigh in favor of abstention because the case involved ordinary contract and tort issues). Further, to date, there have been no substantive rulings in the State Court Action. *Compare id.* (finding no certainty that duplicative effort would result because, at the time of the district courts' stay order, "the state court had made no rulings whatsoever in regard to this dispute"), *with Am. Int'l Underwriters*, 843 F.2d at 1258 (finding the federal court would have to decide issues anew because the state court already decided several substantive issues in the case). Because Defendants have failed to establish

/ / /

that exceptional circumstances justify a special concern about piecemeal litigation here, this factor does not weigh in favor of abstention.

Because the Superior Court does not appear to have obtained jurisdiction first, *see supra* Section I.A, the fourth factor does not weigh in favor of abstention. Further, this factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 21 (1983); *see also Herrington v. Cnty. of Sonoma*, 706 F.2d 938, 940 (9th Cir. 1983) ("The mere existence of a case on the state docket in no way causes a substantial waste of judicial resources nor imposes a burden on the defendant which would justify abstention.") (internal quotation marks omitted). Here, little progress has been made in either action to date; accordingly, this factor does not weigh in favor of abstention.

It is undisputed that "California state law provides the rule of decision," Redwood Mot. at 13; however, "the presence of federal-law issues must always be a major consideration weighing against surrender" and the "presence of state-law issues may weigh in favor of that surrender" only "in some rare circumstances." *Moses H. Cone,* 460 U.S. at 26; *see also Travelers*, 914 F.2d at 1370 (finding that there were no such "rare circumstances" because the case involved routine issues of state law, such as misrepresentation and breach of contract). Here, the state law causes of action involve "routine issues of state law," as in *Travelers*, *see* 914 F.2d at 1370, rendering this factor neutral, at best.

Further, "it appears that th[e Ninth] Circuit has not applied [the sixth] factor, [concerning the adequacy of the state forum,] against the exercise of federal jurisdiction, only in favor of it." *Id.* at 1370; *see also Seneca*, 862 F.3d at 845 (holding that the district court incorrectly applied this factor because "parallelism is necessary but not sufficient to counsel in favor of abstention"). Because the state court can adequately protect Plaintiffs' federal rights, *see Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) (holding that state courts have concurrent jurisdiction over civil RICO claims), this factor does not favor abstention.

As for forum shopping, Plaintiffs "acted within his rights" in choosing to file this action in federal court, *see Travelers*, 914 F.2d at 1371, particularly given that Mr. Merritt had not yet been served in the State Court Action when he chose to file this action. Consequently, there is no evidence of forum shopping here, *cf. Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989) (finding forum shopping where, after three-and-a-half years of litigation in a case that was progressing to its detriment, one party sought a "new forum for [its] claims"); *see also Am. Int'l Underwriters,* 843 F.2d at 1259 (finding forum shopping where, after two-and-a-half years, a party "abandon[ed] its state court case solely because it believe[d] that the Federal Rules of Evidence [we]re more favorable to it than the state evidentiary rules"), and this factor does not weigh in favor of abstention.

Finally, as for whether the State Court Action will resolve all of the issues before this Court, "exact parallelism" is not required; rather, it is sufficient if the proceedings are "substantially similar." *Nakash*, 882 F.2d at 1416 (holding two proceedings to be substantially similar because they concerned the same relevant conduct and pertinent parties). Here, both actions concern the First Grant Deed and there is substantial overlap between the parties; however, Defendants fail to cite any authority suggesting that this factor should "weigh[] heavily in favor of abstention," *see* Redwood Mot. at 13, particularly where no other factor favors abstention.

"No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colo. River*, 424 U.S. at 818–19. Further, "any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Travelers*, 914 F.2d at 1369. Here, at best, one of the eight factors favor abstention. On balance, these circumstances do not warrant abstention from the Court's "virtually unflagging obligation" to exercise federal jurisdiction.

## II.     Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Defendants also seek dismissal of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6). *See* Carnes Mot. at 18–23; Redwood Mot. at 14–20; Miller Mot. at 7–

13. Rule 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

/ / /

The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## A. Second Cause of Action: Civil Conspiracy to Commit Mail and Wire Fraud

In their second cause of action, Plaintiffs allege that Defendants engaged in a civil conspiracy to commit mail and wire fraud. *See generally* FAC ¶¶ 143–59. Plaintiffs specifically cite to violations of 18 U.S.C. § 1341, *see* FAC ¶¶ 77–78, and 18 U.S.C. § 1343, *see* FAC ¶¶ 6–7, 76, 79, 89, to support these causes of action.

Conspiracy, mail fraud, and wire fraud are criminal offenses that do not provide a private cause of action or a basis for civil liability. *See, e.g.*, *Wilcox v. First Interstate Bank,* 815 F.2d 522, 533 n. 1 (9th Cir. 1987) (recognizing that there exists no private right under 18 U.S.C. § 1341); *Cobb v. Brede,* Case No. 10-03907, 2012 WL 33242, at *2 (N.D. Cal. Jan. 6, 2012) (noting that 18 U.S.C. §§ 1341 and 1343 "are the federal criminal statutes for mail and wire fraud . . . [that] do not provide litigants with a private right of action"), *aff'd*, 517 Fed. App'x 556 (9th Cir. 2013); *see also Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (affirming district court's dismissal of sixteen claims based on provisions of the California Penal Code because "these code sections do not create enforceable individual rights"). Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' second cause of action for conspiracy to commit mail and wire fraud. *See, e.g.*, *Reynolds v. Wilkerson*, No. 13-CV-04855-LHK, 2014 WL 4062771, at *5 (N.D. Cal. Aug. 14, 2014) (dismissing with prejudice "causes of action arising out of federal criminal statutes" because the "legal deficiencies . . . cannot be cured, and amendment would therefore be futile").

## B. First Cause of Action for Civil RICO

Plaintiffs also allege civil RICO violations as to all Defendants predicated on alleged wire and mail fraud offenses. *See* FAC ¶¶ 127–42.

/ / /

RICO permits civil suit by "any person injured in his businesses or property." 18 U.S.C. § 1964(c); *see also Compton v. Ide*, 732 F.2d 1429, 1433 (9th Cir. 1984). To state a claim under RICO, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996), *cert. dismissed*, 117 S. Ct. 759 (1997); *see also Sedima, S.P.R.L. v. Imrex Co. Inc.*, 473 U.S. 479, 496 (1985).

"'[R]acketeering activity' is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud[ and] wire fraud." *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004) (citing 18 U.S.C. § 1961(1)). A "pattern of racketeering activity . . . requires at least two [predicate] acts of racketeering activity . . . within ten years." 18 U.S.C. § 1961(5). The Supreme Court has cautioned "that "while two acts are necessary, they may not be sufficient" to establish a pattern of racketeering activity. *See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237–38 (1989); *see also id.* at 238 ("[P]roof of two acts of racketeering activity, without more, does not establish a pattern.") (quoting 116 Cong. Rec. 18940 (1970) (statement of Sen. McClellan)). Consequently, "to prove a pattern of racketeering activity a plaintiff . . . must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued activity." *Id.* at 239 (emphasis in original). Further, where a plaintiff alleges RICO claims against multiple defendants, the "plaintiff must allege at least two predicate acts by *each* defendant." *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 865 F. Supp. 2d 1002, 1035 (C.D. Cal. 2011) (emphasis in original).

A plaintiff can establish that the predicate acts were continuous either by pleading closed-ended continuity or open-ended continuity. *See H.J. Inc.*, 492 U.S. at 241. Closed-ended continuity refers to a closed period of repeated conduct and is established by showing that the predicate acts occurred over a substantial period of time. *See id.* If closed-ended continuity cannot be established, a plaintiff may plead open-ended continuity. *See Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1526 (9th Cir. 1995). Open-ended continuity refers

to past conduct that by its nature indicates a threat of future criminal conduct and is established by showing either that the predicate acts specifically threaten repetition or that they were an ongoing entity's regular way of doing business. *See H.J. Inc.*, 492 U.S. at 242 (noting that "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [the continuity] requirement"); *see also Allwaste, Inc.*, 65 F.3d at 1526.

The heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure applies to RICO claims. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988), *cert. denied*, 493 U.S. 858 (1989). Under Rule 9(b), plaintiff must specifically allege the time, place, and manner of the alleged wrongful conduct, as well as identify the parties to each wrongful act. *Moore*, 885 F.2d at 541; *Alan Neuman Productions, Inc.*, 862 F.2d at 1392–93. RICO allegations that do not meet this requirement should be dismissed. *Moore*, 885 F.2d at 541; *Alan Neuman Productions*, 862 F.2d at 1392-93. Where multiple defendants allegedly engaged in fraudulent activity, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rather, a plaintiff must identify *each* defendant's role in the alleged scheme. *Id.* at 765.

All Defendants contend that Plaintiff's RICO claims must be dismissed pursuant to Rule 12(b)(6). *See* Carnes Mot. at 20; Redwood Mot. at 15–18; Miller Mot. at 8–10. Specifically, Defendants argue that Plaintiffs have failed to plead the predicate acts of wire and mail fraud or a pattern of racketeering activity with the requisite specificity under Rule 9(b). *See generally id.*

The Court agrees that Plaintiffs have failed adequately to plead the requisite predicate crimes for a RICO claim. As for the First Grant Deed, Plaintiffs allege that, on May 2, 2018, the First Grant Deed "was sent electronically by wire via email by Defendant Carnes and Miller . . . to Defendant[s] Redwood . . . and . . . Hwang." FAC ¶ 45; *see also id.* ¶¶ 85, 94. Plaintiffs also allege that "Defendants Carnes and Miller caused the [First

Grant Deed] to be sent through the United States *interstate* mails . . . to: 6188 Dupree Street, Saint Louis, MO 63135." *Id.* ¶ 46 (emphasis in original); *see also id.* ¶¶ 86–87, 95. Plaintiffs also generally allege that "[a]ll Defendants acted in association and conspiracy by use of the telephone, mail, email, and other communication facilities to communicate with each other regarding the conspiracy and to complete the unlawful execution of the grant deed and filing in the County Recorder's office." *Id.* ¶ 105. Regarding the Second Grant Deed, Plaintiffs allege that it was "transferred [from New York] to San Diego, California, and recorded in the San Diego recorder's office on June 28, 2018, and then mailed to 'Christopher Carnes 6188 Dupree Street, Saint Louis, MO 63135." *Id.* ¶ 112. Although Plaintiffs have pled the time, place, manner, and parties to the first predicate act, they have failed sufficiently to allege these facts as to the second predicate act. The Court therefore finds that Plaintiffs have failed adequately to plead the predicate acts of mail fraud and wire fraud pursuant to Rule 9(b).

The Court agrees that Plaintiffs have failed adequately to allege a pattern of racketeering activity based on their failure adequately to allege the requisite element of continuity. Here, the alleged predicate acts took place between April 30, and June 28, 2018. Plaintiffs therefore fail to allege two predicate acts extending over a "substantial period of time." *H.J. Inc.*, 492 U.S. at 242; *see also Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 366–67 (9th Cir. 1992) (affirming dismissal of RICO claim for failing to establish closed-ended continuity where the alleged predicate acts took place over a period of six months); *see also River City Markets, Inc. v. Fleming Foods West, Inc.*, 960 F.2d 1458, 1464 (9th Cir. 1992) (affirming dismissal of RICO claim for failure to establish closed-ended continuity where the alleged predicate acts took place over a period of one month). Thus, Plaintiffs have failed to allege closed-ended continuity.

Further, Plaintiffs have not pled any facts that plausibly imply Defendants will continue the alleged fraudulent activity in the future. Here, although Plaintiffs allege two predicate acts based on the First and Second Grant Deeds, *see generally* FAC ¶¶ 91–126, Plaintiffs' allegations ultimately relate to a single transaction: the sale of the Property. *See*

*generally* FAC ¶¶ 17–77, 127–42; *see also id.* ¶ 1 (Plaintiffs bring this action . . . based upon the claim that Defendants have engaged in an illegal and fraudulent transfer of real property . . . ."); *id.* ¶ 130 (referring to "the fraudulent transaction").  Consequently, the fraudulent conduct alleged here cannot extend indefinitely into the future and necessarily will end when this litigation does.  *See, e.g.*, *Steinberg Moorad & Dunn Inc. v. Dunn*, 136 Fed. App'x 6, 11 (9th Cir. 2005) (affirming the district court's dismissal of RICO action pursuant to Rule 12(b)(6) for failure to allege a pattern of racketeering in part because the alleged threat could not extend indefinitely into the future).  Plaintiff's allegations therefore do not amount to a pattern of racketeering under a theory of open-ended continuity.  *See Medallion Television Enters., Inc. v. SelecTV of Cal., Inc.*, 833 F.2d 1360 (1987) (affirming the district court's 12(b)(6) dismissal because the Plaintiff's allegations concerned, in essence, a single fraudulent inducement to enter a contract); *see also Religious Tech. Ctr.*, 971 F.2d at 366–67 (affirming dismissal of RICO claim for failing to establish open-ended continuity where alleged predicate acts related to litigation of a single lawsuit); *River City Markets, Inc.*, 960 F.2d at 1464 (affirming dismissal of RICO claim for failure to establish open-ended continuity where alleged predicate acts arose out of a single contract dispute).

In recognition of these issues, Plaintiffs attempt to bring their allegations into the ambit of RICO by alleging, "[o]n information and belief, Defendants defrauded many other real property owners who became victims of this RICO enterprise over the course of many years." *Id.* ¶ 140.  These allegations, however, fail to meet Plaintiffs' pleading standard, particularly under Rule 9(b).  *See, e.g.*, *Foster v. Wintergreen Real Estate Co.*, No. 3:08CV00031, 2008 WL 4829674, at *8 (W.D. Va. Nov. 6, 2008) ("While Plaintiffs allege that the scheme was directed at other victims besides themselves, those allegations are too speculative to support a finding of a pattern of racketeering activity."), *aff'd*, 363 F. App'x 269 (4th Cir. 2010); *Orteck Int'l Inc. v. TransPac. Tire & Wheel, Inc.*, No. CIVA DKC 2005-2882, 2006 WL 2572474, at *18 (D. Md. Sept. 5, 2006) ("Although similar fraudulent schemes employed against multiple victims by the same defendant may be found to satisfy the related and continuous elements and therefore show a *pattern* of

18-CV-1793 JLS (JLB)

racketeering activity, Plaintiffs do not plead the fraud claims involving these other companies with adequate specificity.").

The Court therefore **DISMISSES** Plaintiffs' first cause of action for civil RICO Rule 12(b)(6).  Although the Court has reservations that Plaintiffs will be able to cure these deficiencies, the Court **GRANTS** Plaintiffs' leave to amend their RICO cause of action, should they so choose.

### C.     *State Law Claims*

Plaintiffs' remaining causes of action for cancellation of the Grant Deeds, constructive fraud, and elder financial abuse are state law claims.  *See* FAC ¶¶ 160–85.  A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3); *see also Albingia Versicherungs A.G. v. Schenker Int'l, Inc.,* 344 F.3d 931, 937–38, *as amended* 350 F.3d 916 (9th Cir. 2003) (holding that Section 1367(c) grants federal courts the discretion to dismiss state law claims when all federal claims have been dismissed).  In considering whether to retain supplemental jurisdiction, a court should consider factors such as "economy, convenience, fairness, and comity."  *See Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks omitted).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . [points] toward declining to exercise jurisdiction over the remaining state law claims." *Exec. Software N. Am., Inc. v. U.S. Dist. Court,* 24 F.3d 1545, 1553 n.4 (9th Cir. 1994) (emphasis omitted), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.,* 533 F.3d 1087 (9th Cir. 2008).

Here, considerations of judicial economy, fairness, and comity weigh against the Court exercising of supplemental jurisdiction.  The pendency of the State Court Action mitigates any conceivable unfairness to the Parties because Mr. Merritt has the opportunity to assert his state law claims in that action.  While numerous motions have been filed in this action, both this case and the State Court Action are still in their infancy; consequently, judicial economy would be served by avoiding similar, potentially duplicative discovery

18-CV-1793 JLS (JLB)

and motion practice in this Court. Finally, declining to exercise supplemental jurisdiction promotes comity by enabling the Superior Court to decide questions of California law. Accordingly, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *See, e.g.*, *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice.") (citing *Les Shockley Racing v. Nat'l Hot Rod Ass'n*, 884 F.3d 504, 509 (9th Cir. 1989)).

## PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b), Plaintiffs request that the Court enter default judgment as to SoCal. *See generally* Default Mot. Federal Rule of Civil Procedure 55 permits a court to enter default judgment after entry of default. A court may grant or deny default judgment at its discretion. *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (citing *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 511–12 (9th Cir. 1986); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). The Ninth Circuit has set out seven factors for a court to consider when exercising this discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72 (citation omitted). Having granted Defendants' Motions to Dismiss, the Court **DENIES AS MOOT** Plaintiffs' Default Motion. *See, e.g.*, *Daniels v. ComUnity Lending, Inc.*, No. 13CV488-WQH, 2015 WL 541299, at *15 (S.D. Cal. Feb. 9, 2015) (denying default judgment against defendants who were not party to motions to dismiss where complaint was dismissed as to moving defendants).

/ / /

## MOTIONS TO WITHDRAW AS COUNSEL

### I. Legal Standard

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (alterations, citations, and internal quotation marks omitted); *see also* Civ. L.R. 83.3(f)(3). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010) (citing *Beard*, 2008 WL 410694, at *2). Pursuant to Civil Local Rule 83.3(f)(3), a motion to withdraw as counsel must be served on the adverse parties and the moving counsel's client.

### II. Analysis

Pursuant to Civil Local Rule 83.3, Mr. Wilson has requested that the Court permit him to withdraw as counsel for Mr. Carnes, citing—without further elaboration— "[i]rreconcilable differences." *See generally* Wilson Mot. Messrs. Stone and Barth also seek permission to withdraw as counsel for Mr. Miller, whom they allege has "violated her written retainer agreement with Stone & Sallus, LLP . . . in . . . serious and fundamental ways: (i) she failed to cooperate with Stone & Sallus, LLP in the preparation and presentation of this matter; (ii) she failed to pay Stone & Sallus, LLP's invoices in a timely way (currently, a large sum is outstanding); and [(iii)] she failed to keep Stone & Sallus, LLP informed of her current residence and business addresses, as well as residence and business phone numbers." *See generally* Stone Mot.

Upon consideration of the relevant factors, the Court concludes that good cause exists to allow Mr. Wilson to withdraw as Mr. Carnes' counsel and Messrs. Stone and Barth to withdraw as counsel for Ms. Miller. Although Mr. Wilson does not elaborate on

the "[i]rreconcilable differences" that have led to his request, the Court sees no basis for prejudice to Mr. Carnes—who has had ample opportunity to retain replacement counsel— or to the other litigants or the administration of justice. It also appears that Mr. Wilson complied with the requirements of Civil Local Rule 83.3(f)(3) by providing notice of his intent to withdraw as counsel to Mr. Carnes on May 20, 2019, *see generally* Wilson Mot. Ex. 1, and serving a copy of the motion on both Mr. Carnes and Plaintiffs. Similarly, Messrs. Stones and Barth have complied with the requirements of Civil Local Rule 83.3(f)(3), *see* Decl. of Jason M. Stone in Support of Stone Mot., ECF No. 47-2, ¶ 4, and Ms. Miller has been on notice since at least January 21, 2019, of her counsel's intention to withdraw. *See id.* ¶ 7.

Consequently, good cause appearing, the Court **GRANTS** the Motions to Withdraw. *See, e.g.*, *Chaker v. Adams*, No. 10CV2599-GPC BGS, 2012 WL 4848962, at *1 (S.D. Cal. Oct. 10, 2012) (granting unopposed motion to withdraw as counsel premised on "irreconcilable differences"); *Hoffman v. United States*, No. 07CV0273WQHLSP, 2007 WL 3037463, at *1 (S.D. Cal. Oct. 16, 2007) (same).

## MOTION TO CONSOLIDATE

Following removal of the State Court Action, Plaintiffs moved for consolidation. *See generally* ECF Nos. 51, 53. On August 6, 2019, the Court remanded the State Court Action for lack of subject-matter jurisdiction. *See* Order: (1) Remanding Action to the Superior Court for the State of California, County of San Diego; (2) Denying as Moot All Pending Motions; and (3) Denying Plaintiff's Request for Fees, *Redwood Invs., LLC v. Carnes*, No. 19-CV-1285 JLS (JLB) (S.D. Cal. filed Aug. 6, 2019), ECF No. 8. The Court therefore **DENIES AS MOOT** Plaintiffs' Motions to Consolidate. *See, e.g.*, *APG Fund I LLC v. Marques*, No. 12CV2103-IEG MDD, 2012 WL 5960076, at *2 (S.D. Cal. Nov. 28, 2012) (denying as moot motion to consolidate where action to be consolidated was remanded for lack of subject matter jurisdiction).

/ / /

/ / /

**CONCLUSION**

In light of the foregoing, the Court **GRANTS** Defendants' Motions to Dismiss (ECF Nos. 27, 30, 32). Specifically, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' second cause of action for conspiracy to commit wire and mail fraud under 18 U.S.C. §§ 1341 and 1343 and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' first cause of action for violation of RICO, 18 U.S.C. § 1962(c). Further, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiffs' state law claims. Plaintiffs **MAY FILE** an amended complaint within <u>thirty (30) days</u> of the electronic docketing of this Order. Should Plaintiffs elect to file an amended complaint, it must cure the deficiencies noted herein and must be complete in itself without reference to Plaintiffs' prior complaints. *See* S.D. Cal. CivLR 15.1. Any claims not re-alleged in the amended complaint will be considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012). *Failure to file an amended complaint within thirty days of the electronic docketing of this Order will result in dismissal without prejudice of this action.*

The Court also **DENIES AS MOOT** Plaintiffs' Motions for entry of default judgment as to SoCal (ECF No. 23) and for consolidation (ECF Nos. 51, 53) and **GRANTS** the Motions to Withdraw as counsel of record for Mr. Carnes (ECF No. 43) and Ms. Miller (ECF No. 47). The Clerk of Court **SHALL UPDATE** the docket to reflect the withdrawal of Messrs. Wilson, Stone, and Barth. Should Mr. Carnes or Ms. Miller fail to obtain new counsel within <u>sixty (60) days</u> of the electronic docketing of this Order, the Court **SHALL DEEM** them as proceeding *pro se*.

**IT IS SO ORDERED.**

Dated: August 6, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge