UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MERRITT, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>REDWOOD INVESTMENTS, LLC, et al.,<br><br>         Defendants. | Case No.: 18-cv-01793-JLS (JLB)<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANTS REDWOOD INVESTMENTS, LLC AND CHI KUANG HWANG'S MOTION TO QUASH PLAINTIFFS' FOUR SUBPOENAS TO THIRD PARTIES (ECF No. 57); AND**<br><br>**(2) ISSUING PROTECTIVE ORDER** |

  Before the Court is a motion to quash filed by Defendants Redwood Investments, LLC and Chi Kuang Hwang (collectively, "Defendants") regarding four third-party subpoenas *duces tecum* issued by Plaintiffs Abdoulaye Diallo ("Diallo") and William Merritt ("Merritt") (collectively, "Plaintiffs") following the Honorable Janis L. Sammartino's dismissal of their First Amended Complaint. (ECF No. 57.) Plaintiffs oppose the motion. (ECF No. 60.)

  On September 3, 2019, this motion was referred to the undersigned judge for determination. The Court finds that this motion is suitable for determination on the papers

submitted without oral argument. *See* CivLR 7.1(d)(1). For the reasons set forth below, the Court **DENIES** the motion to quash, but *sua sponte* issues a protective order forbidding Plaintiffs from using the formal discovery process to conduct plausibility discovery, effectively quashing the four third-party subpoenas *duces tecum* issued by Plaintiffs.

I.   **BACKGROUND**

Dasha Riley and Merritt commenced this action on August 3, 2018 against Redwood Investments, LLC, SoCal Metro Holdings, LLC, Christopher Carnes, and Tonika Miller. (ECF No. 1.) On October 3, 2018, Merritt and Diallo filed a First Amended Complaint ("FAC")[1] against Defendants Redwood Investments, LLC, SoCal Metro Holdings, LLC, Christopher Carnes, Tonika Miller, and Chi Kuang Hwang. (ECF No. 13.) In the FAC, Plaintiffs allege that Defendants "engaged in an illegal and fraudulent transfer of real property commonly known as 4026 Charles Street, San Diego, California, 91941 ('Property')." (FAC at ¶ 1.)

In the FAC, Plaintiffs brought the following claims: a civil RICO violation against all Defendants, civil conspiracy to commit mail fraud and wire fraud against all Defendants, for cancellation of the fraudulent grant deeds against Defendant Carnes, constructive fraud against all Defendants, and elder financial abuse of Merritt against all Defendants. (*See id.* at ¶¶ 127-85.) Defendants thereafter filed motions to dismiss the FAC. (*See* ECF Nos. 27, 30, 32.)

On August 6, 2019, Judge Sammartino dismissed Plaintiffs' claim for civil conspiracy to commit mail fraud and wire fraud with prejudice and dismissed Plaintiffs' RICO claim with leave to amend. (ECF No. 54 at 13-18.) The Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. (*Id.* at 18-19.) Accordingly, the Court dismissed all of Plaintiffs' claims. The Court thereafter gave

---

[1] Dasha Riley was not named as a plaintiff in the FAC.

Plaintiffs thirty (30) days to file a Second Amended Complaint curing the deficiencies in their pleading. (*Id.* at 22.)

On September 3, 2019, Plaintiffs requested a thirty (30) day extension of time to file a Second Amended Complaint because they "require additional time in order to conduct discovery so as to properly plead the particularity and continuity elements of the RICO claim." (ECF No. 56 at 3.) Finding good cause, the Court granted this extension of time. (ECF No. 59.) Accordingly, Plaintiffs' Second Amended Complaint is now due on or before October 7, 2019. (*Id.*)

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. *See* Fed. R. Civ. P. 45(a)(1); *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018). The Advisory Committee Notes to the 1970 Amendments to Rule 45 state that the "scope of discovery through a subpoena is the same as that applicable to [Federal Rule of Civil Procedure] 34 and the other discovery rules." Fed. R. Civ. P. 45 advisory committee notes on 1970 amendments. Under Rule 34, the rule governing the production of documents between parties, the proper scope of discovery is as specified in Rule 26(b). Fed. R. Civ. P. 34; *see also Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1023 (Fed. Cir. 1986) ("[R]ule 45(b)(1) must be read in light of Rule 26(b)"); *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (applying both Rule 26 and Rule 45 standards to a motion to quash subpoena).

Under Rule 45, the nonparty served with a subpoena *duces tecum* may make objections to the subpoena, but must do so within 14 days after service or before the time for compliance, whichever is earlier. Fed. R. Civ. P. 45(d)(2)(B). On timely motion, the court may quash or modify the subpoena. Fed. R. Civ. P. 45(d)(3)(A). As a general rule, "a party has no standing to quash a subpoena served upon a third party, except as to claims

of privilege relating to the documents being sought." *Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); *Clair v. Schlachter*, No. 2:13-cv-804-KJM-EFB P (TEMP), 2016 WL 2984107, at *5 (E.D. Cal. May 23, 2016). "A party's objection that a subpoena issued to a non-party seeks irrelevant information or imposes an undue burden on the non-party is not grounds on which the objecting party has standing to assert, especially where the non-party, itself, has not objected." *Clair*, 2016 WL 2984107, at *5 (citing *Moon*, 232 F.R.D. at 636-37).

"A party may, however, move for a protective order in regard to a subpoena issued to a non-party if it believes its own interest is jeopardized by the discovery sought by a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information." *Clair*, 2016 WL 2984107, at *5; *see also In re REMEC, Inc. Sec. Litig.*, No. 04-cv-1948 JLS (AJB), 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008).

## III. DISCUSSION

### A. Defendants' Arguments in Support of Motion to Quash

Defendants move to quash the subpoenas *duces tecum* issued by Plaintiffs to "four different third-party escrow companies for 'Any Real Properties transactions that involved Redwood Investements LLC' (sic)." (ECF No. 57-1 at 1.) The subpoenas were issued on August 22 and 27, 2019 to Allison McClosky Escrow Company, Fidelity Escrow, North American Title Company, and the Escrow Source (collectively, the "Subpoenas"). (ECF No. 57 at 1-2.) Defendants move to quash the Subpoenas because the "requests entail producing thousands of pages of real estate transaction documents involving Defendants" and command production by September 5, 2019 at 5:30 p.m. (ECF No. 57-1 at 1.)

Specifically, Defendants contend that the Subpoenas request a response in an unreasonably short period of time. (*Id.* at 1-2.) The Subpoenas seek the production of thousands of pages of documents within nine to fourteen days of service. (*Id.* at 2.) Defendants further contend that the escrow companies subpoenaed would be "unduly

4

18-cv-01793-JLS (JLB)

burdened in collecting, copying, redacting, and sending the thousands of pages of documents responsive to Plaintiffs' overbroad requests." (*Id.*)  In addition, Defendants would be unduly burdened in reviewing, redacting, and objecting to the thousands of pages of sensitive documents—almost none of which would be pertinent to the instant case. (*Id.*) In that regard, Defendants note that because they are in the business of purchasing real properties and routinely do so, Plaintiffs' document requests "would only result in production of documents that are wholly unrelated to Plaintiffs' case." (*Id.*)

### B.     Plaintiffs' Arguments in Opposition to Motion to Quash

Plaintiffs argue that the "subpoenas are essential for [them] to adequately carry their burden to demonstrate to this Court that Defendants have carried out a RICO operation and scheme, for years, in violation of 18 U.S.C. § 1962, et seq." (ECF No. 60 at 2.)  "Plaintiffs believe that the escrow companies identified in the Subpoenas are riff [sic] with fraudulent conduct information about Defendants." (*Id.*)  Plaintiffs add that they have "already uncovered at least one additional prior fraudulent transaction in which Defendant Redwood Investments was directly participating in and involved the grand theft of cash." (*Id.*) Plaintiffs contend that their requests are not overbroad, burdensome, irrelevant, or oppressive. (*Id.* at 3.)  Plaintiffs further contend they have "merely requested files from the escrow companies that bear the Defendant's [sic] transactions." (*Id.*)

Plaintiffs do not suggest that the subpoenaed parties objected to the Subpoenas under Rule 45.  Rather, Plaintiffs indicate that they anticipate receiving the documents "within the next weeks" and may have already received some responsive documents. (*See id.* at 2-3.)

///

///

///

//

///

///

**C. Analysis**

As an initial matter, Defendants do not appear to have standing under Rule 45 to move to quash the subpoena. Defendants do not assert claims of privilege relating to the documents being sought. (*See* ECF No. 57-1.) Instead, Defendants focus on the unreasonable deadline, the undue burden on the subpoenaed parties, and the irrelevance of the documents sought. (*See id.* at 2.) These arguments are insufficient to confer standing. *See Clair*, 2016 WL 2984107, at *5.

Defendants further contend that they would have to significantly redact the documents in order to remove "proprietary and confidential information—including the personal information, payment information, and contact information of Defendants' investors." (ECF No. 57-1 at 2.) However, it is unclear why Defendants, rather than the subpoenaed parties, would be involved in redacting such information. As Defendants have failed to establish standing to quash the subpoenas, the Court **DENIES** Defendants' motion to quash.

However, the Court finds good cause to issue a protective order effectively quashing the subpoenas. Under Rule 26(c), and in the inherent discretion of a court to manage its own discovery, a court may *sua sponte* enter a protective order for good cause shown. *See McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385-86 (C.D. Cal. 2002); *Coleman v. Schwarzenegger*, No. C 01-1351TEH, 2007 WL 4276554, at *1 (E.D. Cal. Nov. 29, 2007). The Court finds it appropriate to issue one here. Plaintiffs claim that they are using the formal discovery process in order to ascertain facts to support their claims in a yet-to-be-filed Second Amended Complaint. Such discovery is improper.

"[T]he Ninth Circuit Court of Appeals and the United States Supreme Court have both determined that a plaintiff must satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a) before proceeding to discovery." *Pallamary v. Elite Show Servs., Inc.*, No. 17-cv-2010-WQH-BGS, 2018 WL 3064933, at *4 (S.D. Cal. June 19, 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 559 (2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management.'"); *Mujica v. AirScan, Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) ("The Supreme Court has stated, however, that plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it.")).

In *Persian Gulf Inc. v. BP W. Coast Prod. LLC*, 225 F. Supp. 3d 1178 (S.D. Cal. 2016) (Skomal, J.), the court squarely addressed the question of whether a court has discretion to allow a plaintiff "limited plausibility discovery" prior to filing an amended complaint, where the prior complaint was dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to meet the plausibility requirements set forth in *Iqbal* and *Twombly*. *Id.* at 1179. The court held that the "unambiguous directive in *Iqbal* and *Mujica* does not allow the court discretion to order pre amendment plausibility discovery." *Id.* at 1180. Simply stated, "Plaintiffs are not entitled to discovery in order to allege sufficient facts to nudge its claim across the line from conceivable to plausible." *Id.* (citations and internal quotation marks omitted); *see also Hu Honua Bioenergy, LLC v. Hawaiian Elec. Indus., Inc.*, No. CV 16-00634 JMS-KJM, 2017 WL 11139576, at *2 (D. Haw. July 6, 2017) ("The law is well settled that a plaintiff is not entitled to discovery it might need to state a plausible claim for relief.").

Based on the foregoing, the Court finds good cause to issue a protective order forbidding Plaintiffs the use of the formal discovery process in order to allege sufficient facts to nudge their civil RICO claim into the realm of plausibility. In practical terms, the Subpoenas are effectively quashed.

///
///
///
///
///
///

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Defendants' motion to quash is **DENIED**.
2. The Court *sua sponte* issues a protective order forbidding Plaintiffs from using the formal discovery process to conduct plausibility discovery, effectively quashing the Subpoenas served on Allison McClosky Escrow Company, Fidelity Escrow, North American Title Company, and the Escrow Source.
3. Plaintiffs shall promptly serve a copy of this Order on all subpoenaed parties.

**IT IS SO ORDERED.**

Dated: September 13, 2019

Hon. Jill L. Burkhardt
United States Magistrate Judge